UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PHILIP C. BROWN,              :   **CIVIL NO. 1:05-CV-2407**
                              :
          Plaintiff     :   (Judge Kane)
                              :
       v.                :   (Magistrate Judge Smyser)
                              :
HARRISBURG POLICE DEPT.;    :
CPT. CHARLES KELLAR; OFFICER   :
BARRELET; SGT. COLIN CLEARY;  :
OFFICER BURGOS; CITY OF     :
HARRISBURG; STEPHEN R. REED,  :
MAYOR; STEPHEN R. REED,      :
INDIVIDUALLY; RANDY KING;    :
and JOHN DOE,              :
                              :
                              :
          Defendants    :

## REPORT AND RECOMMENDATION

This civil action was begun in this court on November 18, 2005, when it was removed to this court from the Court of Common Pleas of Dauphin County, when a fifteen count complaint had been filed by the plaintiff *pro se* on October 31, 2005. The *pro se* plaintiff is Philip C. Brown.  The defendants are the Harrisburg Police Department, four police officers, the City of Harrisburg, the Mayor of Harrisburg, Stephen R. Reed, as mayor and as an individual, Randy King and John Doe.  The defendants filed a motion to dismiss the complaint on December 6, 2005 (Doc. 4) and a brief in support (Doc. 5).  The plaintiff filed a brief in opposition on February 3, 2006 (Doc. 13).

On December 9, 2005 the plaintiff filed an amended complaint, (Doc. 9), which contains only one substantive count, Count Sixteen, alleging discrimination by a female police officer, defendant Barrette, against the male plaintiff in the incident stated in the complaint.  The amended complaint, Count Seventeen, states a claim for punitive damages for purposes of this Report and Recommendation we will consider the "amended complaint" to be part of the complaint.

This Report and Recommendation recommends that the motion be granted and that the civil action be dismissed as to any and all federal law claims because no federal law claim is stated upon which relief can be granted.

This case involves a claim that the plaintiff's rights were violated when he, a male, was instructed by a police officer, a female (Officer Barrelet), not to park his truck in a parking place where parking was prohibited.[1]  The plaintiff was unwilling to accept the police officer's instruction.  The plaintiff took the position that he was not "parking" his truck in that he was only leaving it stationary for a brief time with the flasher lights blinking so that he could pick up food from a nearby restaurant.  The officer did not accept the

---

[1]   The complaint states that the parking prohibition was for any day except for a Saturday or a Sunday and that the incident occurred on September 19, 2003.  Plaintiff states that he believed that day to be a Saturday.  Notice is taken that September 19, 2003 was a Friday.

2

plaintiff's position.  The officer directed the plaintiff to
move his truck.  The plaintiff asserted to the officer that
other vehicles (which he perceived to be similarly situated as
to parking prohibitions) had not been ticketed. The defendant
police officers did not provide a satisfactory response to the
plaintiff as to what he perceived to be selective enforcement.
Officer Barrelet again directed the plaintiff to move his
truck.  Officer Barrelet placed her hand on the plaintiff's
shoulder and pushed him. The plaintiff moved his truck.

This confrontation, set forth in the preceding
paragraph in a fair paraphrase of the language of the
complaint, was the incident that is the subject matter of the
complaint.  The plaintiff felt that he had not been fairly
treated and blames the incident and the defendants for a number
of adverse results including that he did not pick up the food
he intended to pick up.  The plaintiff claims violations of
state law.  In fifteen counts of the original complaint, two
(One and Five) may be seen to involve federal law.  Count
Sixteen, stated in a separate document, an amended complaint,
also involves a possible federal claim.

In Count One, it is stated:

> It is clear that Barrelet overstepped her
> authority as a police officer.  Brown as other
> citizens expect the police to "PROTECT AND SERVE"
> not push their weight around just because of a bad
> day or other motivating incident.

3

In Count Five, it is stated:

>      The Constitution of the United States
> guarantees each citizen the right of LIFE, LIBERTY,
> and the PURSUIT OF HAPPINESS.  Barrelet's action
> denied Brown of his Liberty to function with his
> vehicle in accordance with the local laws and his
> Happiness as her acts stole the enjoyment of that
> evening and many more continuing.

In Count Sixteen, it is stated:

>      1.  The plaintiff alleges he was treated in a
> discriminatory manner as he was a male - Officer
> Barrette is a female.  Brown also alleges that the
> Officer has a history of not being able to deal with
> males without some sort of confrontational style - as
> will be demonstrated from her police records and
> witnesses secured by the plaintiff.

>      2.  Brown also alleges he was discriminated
> against - not allowed to park in a clearly legal
> space - as he was dirty (and probable smelly/sweaty)
> as he had been rehabbing his old home all day.  The
> plaintiff alleges the Officer interpreted this to
> signify a lower class of citizen for which she has
> shown a precedent in trying to intimidate and
> frustrate.

>      3.  Lastly, Brown was driving what would best
> be described as a less that normal (in condition)
> pick up truck.  The plaintiff again alleges the
> Officer has demonstrated difficulty in dealing with
> people she feels are beneath her and thus the unusual
> discriminatory behavior of not allowing the plaintiff
> to park in a obviously legal manner.

     A motion to dismiss pursuant to Rule 12(b)(6)
challenges the legal sufficiency of the plaintiff's complaint;
the court must decide whether, even if the plaintiff were able
to prove all of his allegations, he would be unable to prevail.
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891
(3d Cir. 1977).  In connection with a Rule 12(b)(6) motion to
dismiss for failure to state a claim upon which relief can be
granted, the burden is on the moving party to show that there

4

is no actionable claim.  *Johnsrud v. Carter*, 620 F.2d 29, 33
(3d Cir. 1980).  When deciding a motion to dismiss, the court
must accept all material allegations of the complaint as true
and draw all inferences in the light most favorable to the
plaintiff.  *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp.
439, 449 (M.D. Pa. 1991).  However, "conclusory allegations of
law, unsupported conclusions and unwarranted inferences need
not be accepted as true." *Id*. at 449-50.  A complaint should
not be dismissed for failure to state a claim upon which relief
can be granted unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim
which would entitle him to relief. *Conley v. Gibson*, 355 U.S.
41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d
Cir. 1988).

     We will consider the three counts (One, Five and
Sixteen) to give rise to federal question jurisdiction under 28
U.S.C. § 1331, construing them to state claims of violation(s)
of federally protected rights by persons acting under color of
state law pursuant to 42 U.S.C. § 1983.  The issue then is
whether any of these counts states a claim upon which relief
can be granted.

     We do not perceive in these three claims any arguable
claim of a breach of a federal constitutional or statutory
right upon which relief can be granted.  It appears beyond a
doubt that the plaintiff can prove no set of facts in support
of his claim which would entitle him to relief.  The facts

5

alleged clearly state that the plaintiff mistakenly believed
that he was parking legally in that he had mistakenly believed
the day on which he was parking his vehicle to be a Saturday
when in fact it was a Friday.  It would be of no materiality to
the plaintiff's claim whether other vehicles had been ticketed
or not, in that officers could well have been addressing the
matter of an occupied illegally parked vehicle (the
plaintiff's) before addressing unoccupied illegally parked
vehicles.  They had no duty under State or Federal law to have
decided, or to speak to the plaintiff of any decision made, as
to what they were going to do about other vehicles.  And,
although if accurately restated the officers' choice of
phrasing to state their retention of discretion as to how to
allocate law enforcement resources in the short term future may
have reflected negatively on their professionalism, it does not
give rise to any actionable civil rights claim.  42 U.S.C. §
1983 does not exist to create a forum to address a police
officer's exercise of discretion in setting and acting upon law
enforcement priorities.

Accordingly, it is recommended that the complaint be
dismissed as to any claims stated in the complaint under
federal law, and in particular as to Counts One, Five and

Sixteen, and that the case otherwise be remanded to the Court of Common Pleas of Dauphin County pursuant to 28 U.S.C. § 1441(c).


                                        _/s/ J. Andrew Smyser_
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  March 20, 2006.